WALLACE, APPELLANT, v. GILTINAN, APPELLEE.

18   473
J20   464

18   473·
25   548

APPELLATE PRACTICE.

It is the peculiar province of the trial court, hearing a cause without the intervention of a jury, to weigh the evidence, and give credit to whom credit seems to be due. When the evidence is conflicting, this court will not interfere for the purpose of substituting its judgment upon the weight of evidence for that of the trial court.

*Appeal from the County Court of Arapahoe County.*

Messrs. LIPSCOMB & HODGES, for appellant.

Mr. W. W. DALE, for appellee.

PER. CURIAM.   At the time of the transactions herein complained of, appellant was the owner of a certain building on Larimer street in the city of Denver.   Appellee, a lodging house keeper, on the sixteenth day of February, 1889, made a verbal lease of two flats in the building for the sum of $125 per month.   The tenancy created was from month to month, appellee at the time paying rent for the succeeding month of March.   It was expected that the building would be completed, and possession given to appellee on March 1st.

In pursuance of this contract, appellee took possession of the building on or about the first of March, and proceeded to relet the apartments to other parties.   About this time a dispute arose between appellant and appellee in reference to some of her proposed tenants.   The appellant claimed that under the contract of leasing, appellee was restricted in subletting to men only, appellee contending that no such restriction was imposed upon her.   The appellant insisted that none but men should be allowed in the building, and refused to permit women to occupy the same.   Thereupon appellee surrendered the keys and demanded the repayment of the amount advanced by her for rent.

In the county court the case was tried to the court, without a jury. This trial resulted in a finding and judgment in favor of appellee. The only error relied upon in this court is that the county court erred in finding the issues of fact for appellee.

The evidence adduced upon the trial is very conflicting. Appellee testified that the contract with appellant permitted her to sublet the premises without restriction, other than that the tenants should be respectable; that afterwards appellant refused to allow ladies of unquestionable respectability to whom she had rented rooms to take possession, and that by his conduct she was damaged in an amount in excess of the sum paid as rent. On the contrary, the appellant testified that it was a positive condition of the contract that no rooms should be let to women. A number of witnesses were introduced by appellee and gave testimony corroborative of her version of the contract, and appellant introduced several witnesses whose testimony corroborated his statement of the contract.

Under these circumstances it was the peculiar province of the trial court to weigh the evidence, and give credit to whom credit seemed to be due. When the evidence is conflicting it has been repeatedly decided that this court will not interfere for the purpose of substituting its judgment upon the weight of evidence for that of the trial court. The judgment must be affirmed.

*Affirmed.*